[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 Date of Sentence September 1, 1992 Date of Application September 25, 1992 Date Application Filed September 28, 1992 Date of Decision January 26, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of New London, Docket No. CT Page 2436 CR-21-49894;
Paul Costa, Esq., Defense Counsel, for Petitioner
 John Pannone, Esq., Assistant State's Attorney, for the State
BY THE DIVISION
After trial by jury, petitioner was convicted of risk of injury to a child in violation of General Statutes Section 53-21 and sexual assault in the second degree in violation of General Statutes Section 53a-71(a)(1). A sentence of ten years was imposed on the risk of injury charge and a consecutive sentence of six years execution suspended after two years was imposed on the sexual assault in the second degree charge with five years probation. The net effective sentence imposed was sixteen years execution suspended after twelve years with five years probation.
The facts underlying petitioner's conviction indicate that petitioner committed criminal sexual acts, including digital penetration, with his then six-year-old stepdaughter.
The attorney for petitioner stressed the fact that his client had been a hard-working skilled mechanic who had always provided for his family. He did say that his client suffered from an alcohol problem which he has now overcome. The attorney also stated that the victim was doing well.
Speaking on his own behalf, petitioner repeated that he had always been a skilled person who has worked hard all of his life. With respect to the crimes for which he had been convicted, petitioner expressed his innocence and blamed his ex-wife for getting his daughter to make the charge.
The state's attorney argued that the sentence was fair and should stand.
In reviewing petitioner's sentence, the division is CT Page 2437 limited to its scope of review by the statutes and Connecticut Practice Book Section 942. We cannot relitigate the matters or consider petitioner's claim of innocence.
At the time of sentencing, the Court was required to impose a fair sentence on a thirty-one-year-old man with a criminal record who had been convicted of most serious crimes. The sentence imposed was well under the maximum and was not inappropriate or disproportionate.
Sentence affirmed.
Purtill, J. Klaczak, J. Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.